IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE PETITION OF INDEX NEWSPAPERS, LLC D/B/A THE STRANGER TO UNSEAL ELECTRONIC SURVEILLANCE DOCKETS, APPLICATIONS, AND ORDERS | MISC. CIVIL ACTION NO. 2:17-mc-00145 RSL<br><br>**DECLARATION OF STEVEN J. HSIEH IN SUPPORT OF PETITION TO UNSEAL ELECTRONIC SURVEILLANCE DOCKETS, APPLICATIONS, AND ORDERS** |

I, Steven J. Hsieh, declare as follows:

1. I am News Editor at Index Newspapers LLC d/b/a The Stranger ("The Stranger"), Seattle's Pulitzer Prize winning, bi-weekly newspaper. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify competently to those facts.

2. I have worked at The Stranger since April 2017. Prior to that, I worked at the Santa Fe Reporter as a staff writer and The Nation Magazine as a blogger. I have also freelanced for a number of publications. I have experience reporting on courts, law enforcement and social movements.

3. The Stranger began publishing in 1991. The Stranger prides itself in covering important stories overlooked by other publications in Seattle, and is known for its investigations

DECLARATION OF STEVEN J. HSIEH - 1
_____

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

that shake up the status quo and lead to significant policy changes.

4. One of The Stranger's major reporting objectives is to publish stories that contribute to the principles of transparency and open government. As News Editor, I work with other members of the editorial staff to push for increased transparency from local officials and public agencies, as I believe doing so ensures a thriving democracy.

5. Law enforcement surveillance practices are of significant interest to The Stranger's journalists in their mission to inform citizens and ensure government transparency and accountability. As part of The Stranger's efforts to increase public knowledge and awareness regarding the activities of local, state, and federal government, The Stranger has published numerous articles reporting on law enforcement electronic surveillance activities.

6. In 2013, The Stranger was the first local media organization to thoroughly report on the surveillance devices installed by the Seattle Police Department that were capable of tracking people's digital devices around the city. *See* Brendan Kiley and Matt Fikse-Verkerk, *You Are a Rogue Device*, The Stranger (November 6, 2013).[1]

7. The Stranger was also the first to report that the Seattle Police Department purchased software that allowed officers to monitor social media users without informing city officials—a violation of local laws. *See* Ansel Herz, *How the Seattle Police Secretly—and Illegally—Purchased a Tool for Tracking Your Social Media Posts*, The Stranger (September 28, 2016).[2]

8. The Stranger also covers federal government surveillance activities in Seattle. For example, The Stranger investigated the Bureau of Alcohol, Tobacco, Firearms and Explosives' operation of a network of sophisticated surveillance cameras in the city. *See* Brendan Kiley, *The*

---

[1] *Available at* https://www.thestranger.com/seattle/you-are-a-rogue-device/Content?oid=18143845.

[2] *Available at* https://www.thestranger.com/news/2016/09/28/24585899/how-the-seattle-police-secretlyand-illegallypurchased-a-tool-for-tracking-your-social-media-posts.

DECLARATION OF STEVEN J. HSIEH - 2

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Mystery of the Central District Surveillance Cameras*, The Stranger (August 6, 2015).[3]

9. The Stranger's coverage includes reporting on how local technology companies respond to surveillance orders they receive, including Microsoft's recent legal challenge to nondisclosure orders that often accompany such demands. *See* Ansel Herz, *Microsoft Sues the Government to Protect Your Data From Snooping*, The Stranger (April 14, 2016).[4]

10. The Stranger's reporting also covers the intersection of law enforcement investigations, technology, and individual privacy. This includes reporting on a raid of the home of two Seattle privacy activists who run a Tor exit node—a node of the global Tor network that allows users to browse the web anonymously. *See* Ansel Herz, *Police Go on Fishing Expedition, Search the Home of Seattle Privacy Activists Who Maintain Tor Network*, The Stranger (March 30, 2016).[5]

11. In connection with The Stranger's coverage of electronic surveillance issues, I have been researching when and how often law enforcement seeks and obtains electronic surveillance orders such as those involved in the recent *Microsoft* court challenge, *Microsoft Corporation v. United States Department of Justice*, No. 2:16-cv-00538-JLR (W.D. Wash.). The Stranger seeks to report on the extent to which law enforcement in Seattle obtains individual citizens' private information from a variety of companies, including Internet service and communications providers.

12. During my research, I have learned about various laws that are used by law enforcement to obtain a wide range of personal data, including the content of communications,

---

[3] *Available at* https://www.thestranger.com/blogs/slog/2015/08/06/22659062/22659062-the-mystery-of-the-central-district-surveillance-cameras.

[4] *Available at* https://www.thestranger.com/slog/2016/04/14/23957369/microsoft-sues-the-government-to-protect-your-data-from-snooping.

[5] *Available at* https://www.thestranger.com/slog/2016/03/30/23885710/police-go-on-fishing-expedition-search-the-home-of-seattle-privacy-activists-who-maintain-tor-network.

DECLARATION OF STEVEN J. HSIEH - 3

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

geographic locations, lists of websites visited, email addresses, phone numbers, and customer account records. I understand that law enforcement is able to obtain certain customer information without a warrant, and that secrecy orders can be obtained to prevent companies from informing customers when their data is the target of a warrant, subpoena, or court order.

13. It is my understanding that law enforcement applications for electronic surveillance orders are filed under seal with this Court, and may remain sealed for years, sometimes indefinitely. One consequence of this practice is that there is very little publicly accessible information regarding, for example: the number of electronic surveillance orders sought and obtained by law enforcement in this Court; which law enforcement agencies are seeking electronic surveillance orders; the legal authorities cited in support of such orders; the types of electronic surveillance permitted; and the identities of companies compelled to provide technical assistance for government surveillance and to disclose user data and customer records.

14. If the public cannot locate surveillance case dockets and records, it risks having an incomplete and inaccurate understanding of the government's electronic surveillance practices in this District. The public docketing and unsealing of electronic surveillance cases would allow The Stranger and other members of the public to search for and review these records, and to obtain a more complete understanding of surveillance practices in this District, enabling the propriety of these surveillance practices to be discussed and debated.

15. In July and August 2017, I communicated with Chief Deputy Clerk Lori Landis to learn more about how this Court handles applications for electronic surveillance orders and search warrants, including the extent to which court records relating to such requests are publicly accessible. The following paragraphs summarize my understanding of the Court's current practices, based on my conversations with Chief Deputy Clerk Landis.

16. It is my understanding that the Court uses one electronic docketing system, known as the Case Management/Electronic Case Files ("CM/ECF") system, to manage all documents

DECLARATION OF STEVEN J. HSIEH - 4
_____

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

filed with the Court, including documents filed publicly and documents filed under seal.

17. It is my understanding that when a new case is filed with this Court, it is docketed in the Court's CM/ECF system and assigned a case number and a case type designation, such as Criminal (CR), Civil (CV), Magistrate Judge (MJ), Grand Jury (GJ), or Miscellaneous (MC).

18. It is my understanding that all applications seeking a search warrant or a non-warrant order for electronic surveillance are filed manually (*i.e.*, in paper) and later scanned by the Court into its CM/ECF system. I understand that this procedure applies to the types of electronic surveillance cases covered by The Stranger's petition, including cases seeking the following:

    a. an order authorizing the installation and use of a pen register or a trap and trace device under 18 U.S.C. § 3123;

    b. an order requiring a third party to provide information, facilities, or technical assistance to law enforcement officials under 18 U.S.C. § 3124;

    c. an order under 18 U.S.C. § 2703(d) requiring disclosure of communications, records, or other information pertaining to a subscriber or customer, as described in 18 U.S.C. § 2703(b) or (c);

    d. a warrant requiring a provider of electronic communication service or remote computing service to disclose the contents of a wire or electronic communication as described in 18 U.S.C. § 2703(a) or (b), or a record or other information pertaining to a subscriber or customer as described in 18 U.S.C. § 2703(c);

    e. an order requiring a third party to provide technical assistance to law enforcement officials under 18 U.S.C. § 2511(2)(a)(ii); or

    f. an order requiring a third party to provide technical assistance to law enforcement officials under 28 U.S.C § 1651(a).

19. It is my understanding that for cases seeking a search warrant for electronic surveillance, this Court assigns the Magistrate Judge (MJ) case type designation.

DECLARATION OF STEVEN J. HSIEH - 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

20. It is my understanding that for cases seeking a non-warrant order for electronic surveillance, this Court assigns the Grand Jury (GJ) case type designation. I understand that this Court assigns the Grand Jury (GJ) case type designation to non-warrant surveillance cases—even though they are not connected with any grand jury proceedings—as a way to prevent those cases from becoming inadvertently unsealed. I understand that cases having the Grand Jury (GJ) case type designation cannot be unsealed in the Court's CM/ECF system.

21. It is my understanding that in cases seeking a search warrant or a non-warrant order for electronic surveillance, all documents are filed under seal, and the docket sheet and all documents remain under seal unless and until the Court orders otherwise. I understand that when such a case is sealed, even the existence of the case (*e.g.*, the case number) is not publicly disclosed and not publicly discoverable, either electronically through the Court's Public Access to Court Electronic Records (PACER) service or in person by visiting the Clerk's office at the Court.

22. It is my understanding that under this Court's current docketing practices, which have been in effect since at least 2010, non-warrant surveillance cases assigned the Grand Jury (GJ) case type designation remain sealed indefinitely. This includes at least the cases described in ¶ 18(a)-(c) above. Thus, the public has no way to access even basic docket sheet information regarding these non-warrant electronic surveillance cases, much less any of the applications, orders, and other documents filed in these cases. The very existence of individual non-warrant electronic surveillance cases in this Court is kept secret from the public and, at present, there is no way Petitioner can make a particularized request to unseal information in specific cases. These cases are completely hidden from public view.

23. It is my understanding that cases seeking a search warrant for electronic surveillance are sometimes unsealed, for example after an executed search warrant has been returned to the Court. It is my understanding that this Court sends periodic reports to the Office of the U.S. Attorney for the Western District of Washington ("USAO") identifying cases in which an

DECLARATION OF STEVEN J. HSIEH - 6
_____

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

executed search warrant has not been returned. I understand that the USAO responds to these reports by filing a motion requesting that the materials either remain sealed or be unsealed. I do not know what portion of cases in this District involving a search warrant for electronic surveillance have been unsealed. Nor do I know how long on average it takes for such cases to be unsealed in this District, although I understand that it can take years for search warrant materials to be unsealed. I understand that after a search warrant case has been unsealed, the public can access the case docket sheet and the unsealed materials electronically through PACER.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 15, 2017

By: _s/ Steven J. Hsieh_____
Steven J. Hsieh
News Editor, The Stranger

DECLARATION OF STEVEN J. HSIEH - 7
DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820