IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE PETITION OF INDEX NEWSPAPERS LLC D/B/A THE STRANGER TO UNSEAL ELECTRONIC SURVEILLANCE DOCKETS, APPLICATIONS, AND ORDERS | MISC. CIVIL ACTION NO.  2:17-mc-00145 RSL<br><br>**[PROPOSED] ORDER RE: PETITION TO UNSEAL ELECTRONIC SURVEILLANCE DOCKETS, APPLICATIONS, AND ORDERS** |

### **ORDER**

This matter comes before the Court on the petition of Index Newspapers LLC d/b/a The Stranger seeking public docketing and unsealing of certain electronic surveillance applications and orders filed in the United States District Court for the Western District of Washington.

Having considered the written submissions and oral arguments of Petitioner and the United States Attorney's Office for the Western District of Washington, and the entirety of the record before the Court in this matter, the Court **ORDERS** the following:

### **PROSPECTIVE RELIEF**

**For new cases filed in the Western District of Washington after the date of this Order:**

1. All cases seeking any of the following shall be designated as a Magistrate Judge (MJ) case or as a Miscellaneous (MC) case in the Court's CM/ECF system, and the docket sheets in

ORDER RE: PETITION TO UNSEAL ELECTRONIC SURVEILLANCE DOCKETS, APPLICATIONS, AND ORDERS - 1

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

these cases shall be unsealed within 180 days after case opening, except to the extent the Court grants a request for continued sealing:

   a. an order authorizing the installation and use of a pen register or a trap and trace device under 18 U.S.C. § 3123;

   b. an order requiring a third party to provide information, facilities, or technical assistance to law enforcement officials under 18 U.S.C. § 3124;

   c. an order under 18 U.S.C. § 2703(d) requiring disclosure of communications, records, or other information pertaining to a subscriber or customer, as described in 18 U.S.C. § 2703(b) or (c);

   d. a warrant requiring a provider of electronic communication service or remote computing service to disclose the contents of a wire or electronic communication as described in 18 U.S.C. § 2703(a) or (b), or a record or other information pertaining to a subscriber or customer as described in 18 U.S.C. § 2703(c);

   e. an order requiring a third party to provide technical assistance to law enforcement officials under 18 U.S.C. § 2511(2)(a)(ii); or

   f. an order requiring a third party to provide technical assistance to law enforcement officials under 28 U.S.C § 1651(a).

2. All applications and supporting documents, including affidavits, seeking any of 1(a)-(f) and all orders granting or denying said applications shall be unsealed within 180 days after case opening, except to the extent the Court grants a request for continued sealing.

3. Requests for continued sealing shall identify with particularity the information in each docket sheet and document to remain sealed and the compelling interest (*e.g.*, to protect an ongoing law enforcement investigation) that justifies the continued sealing of that information. Except as otherwise provided by the Court, a continued sealing order shall expire after 180 days, at which time the sealed information shall be unsealed and made

ORDER RE: PETITION TO UNSEAL ELECTRONIC
SURVEILLANCE DOCKETS, APPLICATIONS,
AND ORDERS - 2

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

publicly available. The Court may authorize the redaction of certain information (*e.g.*, personal identifiers) from unsealed docket sheets and documents.

4. To the extent not otherwise publicly disclosed, the following information shall be publicly disclosed in a notice filed at the time of the initial application: (1) law enforcement agency filing the application; (2) jurisdictional authority (*e.g.*, Wiretap Act, SCA, Pen/Trap Statute, Fed. R. Crim. P. 41); (3) relief sought (*e.g.*, search warrant, seizure warrant, wire interception, pen register, trap and trace, tracking device, prospective cell site data, historical cell site data, toll records, email contents, customer account records); (4) type of crime under investigation; (5) identity of recipient of order/warrant (*e.g.*, identity of phone company, Internet Service Provider).

## RETROSPECTIVE RELIEF

**For cases filed in the Western District of Washington between January 1, 2011 and the date of this Order:**

5. All docket sheets for cases seeking any of the following shall be unsealed within 180 days after the date of this Order, except to the extent the Court grants a request for continued sealing:

    a. an order authorizing the installation and use of a pen register or a trap and trace device under 18 U.S.C. § 3123;

    b. an order requiring a third party to provide information, facilities, or technical assistance to law enforcement officials under 18 U.S.C. § 3124;

    c. an order under 18 U.S.C. § 2703(d) requiring disclosure of communications, records, or other information pertaining to a subscriber or customer, as described in 18 U.S.C. § 2703(b) or (c);

    d. a warrant requiring a provider of electronic communication service or remote computing service to disclose the contents of a wire or electronic communication

ORDER RE: PETITION TO UNSEAL ELECTRONIC
SURVEILLANCE DOCKETS, APPLICATIONS,
AND ORDERS - 3

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

       as described in 18 U.S.C. § 2703(a) or (b), or a record or other information pertaining to a subscriber or customer as described in 18 U.S.C. § 2703(c);

    e. an order requiring a third party to provide technical assistance to law enforcement officials under 18 U.S.C. § 2511(2)(a)(ii); or

    f. an order requiring a third party to provide technical assistance to law enforcement officials under 28 U.S.C § 1651(a).

6. All applications and supporting documents, including affidavits, seeking any of 5(a)-(f) and all orders granting or denying said applications shall be unsealed within 180 days after the date of this order, except to the extent the Court grants a request for continued sealing.

7. Requests for continued sealing shall be filed within 120 days of the date of this order. Such requests shall identify with particularity the information in each docket sheet and document to remain sealed and the compelling interest (*e.g.*, to protect an ongoing law enforcement investigation) that justifies the continued sealing of that information. Except as otherwise provided by the Court, a continued sealing order shall expire after 180 days, at which time the sealed information shall be unsealed and made publicly available. The Court may authorize the redaction of certain information (*e.g.*, personal identifiers) from unsealed docket sheets and documents.

**DATED** this _____ day of _____, 2018.

_____
UNITED STATES DISTRICT JUDGE

ORDER RE: PETITION TO UNSEAL ELECTRONIC
SURVEILLANCE DOCKETS, APPLICATIONS,
AND ORDERS - 4

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  Presented by:

2  Dorsey & Whitney LLP
3  Attorneys for Petitioner

4  By _s/ Geoffrey M. Godfrey____
            Geoffrey M. Godfrey
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER RE: PETITION TO UNSEAL ELECTRONIC
SURVEILLANCE DOCKETS, APPLICATIONS,
AND ORDERS - 5
_____

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820