THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE PETITION OF INDEX
NEWSPAPERS LLC D/B/A THE
STRANGER TO UNSEAL ELECTRONIC
SURVEILLANCE DOCKETS,
APPLICATIONS, AND ORDERS

CASE NO. 2:17-MC-00145-RSL

**REPLY IN SUPPORT OF PETITION
TO UNSEAL ELECTRONIC
SURVEILLANCE DOCKETS,
APPLICATIONS, AND ORDERS**

**Noting Date: May 4, 2018**

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT .......................................................................................................2

      A.   The Court Can Delay Any Decision on the Petition's Merits Until After the
           Factual Record Has Been Further Developed ...........................................2

      B.   The Court Has Jurisdiction and Authority to Grant Petitioner's Requested
           Relief ..........................................................................................................5

           1.   The Petition Creates a Controversy Under Article III By Seeking
                Access to Particular Sealed Court Dockets, Applications, and Orders
                ...................................................................................................6

           2.   The Petition Does Not Request Reversal of Other Judges' Sealing
                Orders, Nor Does It Request Unsealing "Untethered to the Facts of
                a Particular Case." ...................................................................10

           3.   Petitioner Has Standing to Seek the Requested Relief .............12

      C.   Petitioner Has First Amendment and Common Law Rights to Access Basic
           Docketing Information Regarding Electronic Surveillance Cases Filed in
           this Court ..................................................................................................16

      D.   Petitioner Has First Amendment and Common Law Rights to Access the
           Underlying Applications and Orders in Electronic Surveillance Cases Filed
           in this Court, Once Secrecy Is No Longer Necessary .............................18

           1.   Petitioner has a First Amendment Right of Access to the Requested
                Judicial Records ........................................................................18

           2.   Petitioner has a Common Law Right of Access to the Requested
                Judicial Records ........................................................................23

III.  CONCLUSION .................................................................................................23

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Detroit Free Press v. Ashcroft,*
303 F.3d 681 (6th Cir. 2002) ............................................................... 17

*District of Columbia Court of Appeals v. Feldman,*
460 U.S. 462 (1983) ............................................................................... 7

*Doe v. Public Citizen,*
749 F.3d 246 (4th Cir. 2014) ............................................................... 16

*Federal Election Comm'n v. Akins,*
524 U.S. 11 (1998) ................................................................... 12, 13, 15

*Foltz v. State Farm Mut. Auto. Ins. Co.,*
331 F.3d 1122 (9th Cir. 2003) ............................................................. 23

*Globe Newspaper Co. v. Superior Court,*
457 U.S. 596 (1982) ....................................................................... 13, 21

*Hagestad v. Tragesser,*
49 F.3d 1430 (9th Cir. 1995) ............................................................... 23

*Hartford Courant Co. v. Pellegrino,*
380 F.3d 93 (2d Cir. 2004) ....................................................... 11, 12, 16

*In re Application and Affidavit for a Search Warrant,*
923 F.2d 324 (4th Cir. 1991) ............................................................... 20

*In re Copley Press,*
518 F.3d 1022 (9th Cir. 2008) ....................................................... 18, 19

*In re Granick,*
No. 4:16-mc-80206-KAW, Dkt. 48 (Mar. 12 Order setting status
conference for May 3, 2018) ................................................................... 9

*In re Granick,*
No. 4:16-mc-80206-KAW, Dkt. 50 (United States Supplemental Brief,
March 26, 2018) ................................................................... *passim*

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*In re Leopold*,
No. 13-mc-00712, 2018 U.S. Dist. LEXIS 30211 (D.D.C. Feb. 26,
2018) ............................................................................................. *passim*

*In re New York Times*,
585 F. Supp. 2d 83 (D.D.C. 2008) ............................................ 21

*In re New York Times Co.*,
577 F.3d 401 (2d Cir. 2009) ...................................................... 17

*In re Opinions & Orders of this Court Addressing Bulk Collection of Data
Under the Foreign Intelligence Surveillance Act*,
No. Misc. 13-08, slip op. (Foreign Intel. Surv. Ct. Nov. 9, 2017) (en
banc), *aff'd, In re Certification of Question of Law*, No. FISCR 18-01,
slip op. (FISA Ct. Review March 16, 2018)[1] ....................... 8, 14

*In re Release of Court Records*,
526 F. Supp. 2d 484 (FISA Ct. 2007) ................................. 5, 7, 8

*In re Sealed Affidavit(s) to Search Warrants Executed on February 14,
1979*,
600 F.2d 1256 (9th Cir. 1979) ..................................................... 6

*In re Sealed Case*,
199 F.3d 522 (D.C. Cir. 2000) ..................................................... 9

*In re Search Warrant for Secretarial Area Outside Office of Gunn*,
855 F.2d 569 (8th Cir. 1988) ..................................................... 19

*In re Washington Post Co.*,
807 F.2d 383 (4th Cir. 1986) ..................................................... 17

*In re WP Co., LLC*,
201 F. Supp. 3d 109 (D.D.C. 2016) .......................................... 22

*Kamakana v. City & Cty. of Honolulu*,
447 F.3d 1172 (9th Cir. 2006) ................................................... 23

---

[1] *available at*, http://www.fisc.uscourts.gov/sites/default/files/Misc%2013-
08%20Opinion%20November%209%202017.pdf

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Lincoln Benefit Life Ins. Co. v. AEI Life, LLC,*
    800 F.3d 99 (3d Cir. 2015) ....................................................................... 10

*New York Civil Liberties Union v. New York City Transit Auth.,*
    684 F.3d 286 (2d Cir. 2011) ..................................................................... 12

*Nixon v. Warner Commc'ns, Inc.,*
    435 U.S. 589 (1978) ............................................................................. 6, 7

*Oppenheimer Fund, Inc. v. Sanders,*
    437 U.S. 340 (1978) ................................................................................ 10

*Oregonian Publ'g Co. v. U.S. Dist. Court for the Dist. of Oregon,*
    920 F.2d 1462 (9th Cir. 1990) ................................................................... 7

*Pansy v. Borough of Stroudsburg,*
    23 F.3d 772 (3d Cir. 1994) .................................................................. 13, 14

*Pepsico v. Redmond,*
    46 F.3d 29 (7th Cir. 1995) ....................................................................... 19

*Plaut v. Spendthrift Farm, Inc.,*
    514 U.S. 211 (1995) .................................................................................. 7

*Press-Enterprises Co. v. Superior Court,*
    478 U.S. 1 (1986) .................................................................................... 17

*Public Citizen v. U.S. Dep't of Justice,*
    491 U.S. 440 (1989) ..................................................................... 13, 15, 16

*Richards v. Wisconsin,*
    520 U.S. 385 (1997) ................................................................................ 20

*Richmond Newspapers. Inc. v. Virginia,*
    448 U.S. 555 (1980) ................................................................................ 13

*Times Mirror Co. v. United States,*
    873 F.2d 1210 (9th Cir. 1989) ............................................................ 20, 21

*United States v. Applebaum,*
    707 F.3d 283 (4th Cir. 2013) ............................................................. 21, 23

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - iv
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*United States v. Bus. of the Custer Battlefield Museum*,
658 F.3d 1188 (9th Cir. 2011) ............................................................ 21, 23

*United States v. Chow*,
No. 14-cr-00196 (N.D. Cal. Aug. 28, 2015) ...................................... 22

*United States v. Cianfrani*,
573 F.2d 835 (3d Cir. 1978) ............................................................... 13, 15

*United States v. Loughner*,
769 F. Supp. 2d 1188 (D. Ariz. 2011) .............................................. 19, 20, 21

*United States v. Mendoza*,
698 F.3d 1303 (10th Cir. 2012) ......................................................... 16

*United States v. Ochoa-Vasquez*,
428 F.3d 1015 (11th Cir. 2005) ......................................................... 16

*United States v. Ressam*,
221 F. Supp. 2d 1252 (W.D. Wash. 2002) ........................................ 19

*United States v. Valenti*,
987 F.2d 708 (11th Cir. 1993) ........................................................... 16

*Warth v. Seldin*,
422 U.S. 490 (1975) ............................................................................ 15

**STATUTES**

18 U.S.C. 3103(a) .................................................................................. 20

28 U.S.C. § 1331 .................................................................................... 6

42 U.S.C. § 1983 .................................................................................... 11

All Writs Act (28 U.S.C. § 1651) ........................................................ 18, 19

Federal Advisory Committee Act (5 U.S.C. app 2) ........................... 15, 16

Pen Register Trap and Trace Act (18 U.S.C. § 3123) ....................... 18, 23

Stored Communications Act (18 U.S.C. § 2703, 2705) ..................... *passim*

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - v
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Wiretap Act (18 U.SC. § 2518) ................................................................... 17, 18

**OTHER AUTHORITIES**

First Amendment ................................................................................ *passim*

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# I.  INTRODUCTION

Petitioner, Index Newspapers LLC d/b/a The Stranger, is eager to work with the Court, the Clerk of the Court, and the United States Attorney's Office for the Western District of Washington ("USAO") to identify and unseal the requested judicial records and to explore prospective changes to the Court's docketing practices that will allow public access to these types of records in future cases, without creating undue burden.

This Court should order that such a process proceed.  Petitioner recognizes there may be obstacles to identifying and unsealing some records requested in the Petition.  But that is no reason to refuse all relief.  Petitioner seeks to work directly with the Clerk's Office and the USAO to minimize the burden associated with the requested relief and to identify a path forward consistent with the public's constitutional and common law rights of access to these judicial proceedings and records.

The declarations from the Clerk of the Court and the USAO filed with the USAO's brief provide important new details regarding docketing and sealing practices in this District, including information showing that many of the requested records may be identified with assistance from the Clerk's Office by searching for particular words or phrases in the sealed records in the Court's CM/ECF system.  Additionally, both the Clerk's Office and the USAO appear willing to discuss prospective changes to the Court's docketing practices that may help all interested parties while facilitating public access to these records once secrecy is no longer necessary.

There is no jurisdictional bar to this case proceeding, and USAO's various non-justiciability arguments are unsupported or mischaracterize the Petition, as addressed in further detail below.  This Court has jurisdiction and authority to adjudicate the merits of Petitioner's requested relief.

This Court need not reach the merits of the dispute at this time.  If the Court chooses to, however, Petitioner is entitled to the relief it seeks under the First Amendment and common law.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## II. ARGUMENT

### A. The Court Can Delay Any Decision on the Petition's Merits Until After the Factual Record Has Been Further Developed.

To the extent this Court is not ready to grant Petitioner's requested relief, which, as explained below, it has the power to do, it should first allow the parties to further develop the factual record regarding the feasibility of the requested retrospective and prospective relief.

To that end, the Court should (1) order the parties to meet and confer regarding ways to provide part or all of the requested relief without imposing undue burden on the USAO and the Clerk's Office, and (2) set a status conference in 60 days so the parties can update the Court on the status of their discussions. As in *Leopold* and *Granick*, Petitioner seeks to confer with the USAO and the Clerk's Office "to work together, in good faith, to identify areas of common ground and compromise" and to narrow the issues in dispute. *In re Leopold*, No. 13-mc-00712, 2018 U.S. Dist. LEXIS 30211, at *2 (D.D.C. Feb. 26, 2018). Petitioner hopes this process can be "largely collaborative rather than an acrimonious litigation." *Id.*

The information newly provided by the Clerk's Office and the USAO makes clear that there are opportunities to identify and unseal at least some of the requested records without undue burden. The declarations filed with the USAO's brief provide new details regarding the number of historically sealed matters covered by the Petition, the Court's and the USAO's practices surrounding these records, and the challenges associated with locating and reviewing the materials sought. *See, e.g.*, Declaration of William M. McCool (Dkt. 14-2) ("McCool Decl.") ¶¶ 9-10; Declaration of Criminal Chief Tessa M. Gorman (Dkt. 14-1) ("Gorman Decl.") ¶¶ 14-15. The USAO stated that it is ready to work with the Court to address the issues raised in the Petition, even if the USAO does not believe this litigation is the way to accomplish that change. Dkt. 14 (USAO Response) at 59.

As an initial matter, there are far fewer sealed electronic surveillance matters covered by

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 2
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

the Petition in this case as compared to *Leopold*. *In re Leopold*, 2018 U.S. Dist. LEXIS 30211, at *15, 18-19. In *Leopold*, the total number of sealed matters included approximately 2,248 PR/TT matters, 2,636 § 2703(d) matters, and 1,266 Stored Communications Act (SCA) warrant matters. *Id.* Here, the total number of **all** Grand Jury (GJ) matters during the requested time period is approximately 2,419. *See* McCool Decl. ¶ 10. And only a subset of those 2,419 matters are electronic surveillance matters covered by the Petition. *Id.* ¶ 9.[2]

Petitioner should be permitted to explore ways the Clerk's Office can identify the GJ matters that are responsive to the Petition.

Petitioner is confident that through discussions with the Clerk's Office and the USAO, and by sampling the results of particular search terms as one might do during discovery in a civil case, the parties can develop an approach to identify a subset of responsive matters to unseal without undue burden. Petitioner understands there is no single search term that can identify all responsive matters. McCool Decl. ¶ 15. It appears, however, that by using a combination of different search strategies to query the Court's CM/ECF system, the Clerk's Office could identify a substantial portion of responsive matters. For example, the Clerk's Office could search sealed GJ docket sheets for terms corresponding to the type of process sought. *See id.* ("For example, pen register orders can be identified as "Pen Register," but also as "[phone number]," "cell phone," "[provider] cell phone," or "target telephone."). The Clerk's Office may identify responsive matters by searching for the names of common service providers, such as Comcast and AT&T, or by searching for the "@" symbol that would be found in email addresses targeted by certain surveillance applications and orders.[3] Search strategies employed in *Leopold* should be attempted

---

[2] The Petition also covers SCA Warrant materials, which are docketed as MJ matters. McCool Decl. ¶ 13.

[3] The actual names, email addresses, phone numbers and other identifying information contained in the case name could potentially be properly redacted before making the docket or the underlying materials public, depending on the circumstances discussed below.

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 3
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

here as well.[4]

This Court should also permit Petitioner to explore ways the USAO can link applications and orders authorizing the use of a particular type of process with the investigation or charged case the individual process was associated with, without the need for a case-by-case review. Although the USAO's system for maintaining paper and electronic files differs from the Court's CM/ECF system, the USAO receives paper copies of records sought by Petitioner when the Court issues an order authorizing the use of an investigatory process. Gorman Decl. ¶ 13. Those documents identify the docket number assigned by the Court and therefore in at least some cases can identify particular records at issue here. Additionally, even though the USAO's electronic case tracking system includes no particular data entry field where the Court's GJ or Magistrate Judge (MJ) docket numbers must be recorded, *id.* ¶¶ 14-15, such information might be recorded (and therefore searchable) in other fields in the USAO's tracking system. The USAO might also locate relevant cases in its electronic tracking system using search terms other than the GJ or MJ docket numbers assigned by the Court.

Regarding the historic SCA search warrant materials sought by the Petition, the USAO indicates that some of these records may already be unsealed and searchable on the Court's CM/ECF system. Records concerning search warrant applications, orders, and related materials for the contents of communications sought under the Stored Communications Act are designated as MJ matters and filed on a public docket, often under seal. McCool Decl. ¶¶ 12-14. In 2015, the USAO adopted a practice of moving to unseal SCA warrant materials after 16 months when certain conditions are met. Gorman Decl. ¶ 16. This Court should order that Petitioner be

---

[4] For example, in *Leopold*, the Clerk's Office was able to identify applications and orders based on "event types" in CM/ECF that list specific statutory authorities, such as specific provisions of the Stored Communications Act, *e.g.*, 18 U.S.C. § 2703(d). *Leopold*, 2018 U.S. Dist. LEXIS 30211, at *18, n.12. The Clerk's Office also identified common phrases that would be associated with the case names for certain records, such as "Information associated with," "Email account," "User ID," and "Computer servers." *Id.* at *17, n.11.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

permitted to explore what portion of the historic SCA search warrant materials sought by the Petition have not yet been reviewed for unsealing by the USAO.

Regarding prospective relief, this Court should order the Parties to meet and confer regarding changes to the docketing practices for electronic surveillance matters in this District and to assist the Court in any way that might increase public access moving forward. The electronic docketing approaches adopted or being explored by other courts may provide a path forward. In *Leopold*, the Clerk's Office and the USAO in the District of Columbia entered into a Memorandum of Understanding that established new procedures for docketing electronic surveillance materials and reporting those filings on a semi-annual basis. *In re Leopold*, 2018 U.S. Dist. LEXIS 30211, at *90-94. In *Granick*, the USAO in the Northern District of California indicated that it has begun similar conversations. *In re Granick*, No. 4:16-mc-80206-KAW, Dkt. 50 at 4-5, 7-8 (United States Supplemental Brief, March 26, 2018). These approaches benefit the Clerk of the Court (by providing standardized docketing procedures), the USAO (by permitting filing and receipt of electronic surveillance applications and orders electronically), and the public (by providing access to the dockets and underlying materials).[5]

**B.    The Court Has Jurisdiction and Authority to Grant Petitioner's Requested Relief**.

The Court has jurisdiction to adjudicate the merits of the Petition. "Indeed, it would be quite odd if [the Court] did not have jurisdiction in the first instance to adjudicate a claim of right to the court's very own records and files." *In re Release of Court Records*, 526 F. Supp. 2d 484, 487 (FISA Ct. 2007).

---

[5] These discussions could address issues such as the USAO's concerns regarding Petitioner's proposal to unseal electronic surveillance materials 180 days after case opening except to the extent the Court grants a request for continued sealing. *See* Dkt. 1 at 28-30; Dkt. 14 at 57. Although Petitioner believes its proposal strikes an appropriate balance between the public's constitutional and common law rights of access and the need for secrecy that initially justified sealing these materials (and that may justify continued sealing), Petitioner is open to discussing a longer sealing period that will address the USAO's concerns while still permitting public access to the records.

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 5
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

The USAO's arguments ignoring this uncontroversial principle must be rejected. The supposed breadth of relief sought by Petitioner does not transcend this Court's jurisdiction. This Court has jurisdiction even if Petitioner failed to specify the case numbers of the matters that are under seal and then intervene in those cases. And your Honor has authority to unseal records sealed by other judges of this Court. Dkt. 14 at 24-28.

Because the Petition seeks relief under this Court's inherent authority over its records and under the First Amendment and federal common law, the Court can adjudicate the merits of the Petition. Petitioner invoked this Court's Article III authority and its subject matter jurisdiction to request that it unseal judicial records from cases over which this Court has jurisdiction. Dkt. 1 at 2. The Constitution invests this Court with inherent powers, including "supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979). Congress further granted this Court subject matter jurisdiction over "all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The USAO concedes that the Court has broad inherent power over its records, and that the public and the press can seek relief under the First Amendment and common law to unseal judicial records. Dkt. 14 at 22-23, 25, and 30. Its various non-justiciability arguments are flawed, unsupported by precedent, and provide no basis for avoiding the merits of the Petition.

1.      **The Petition Creates a Controversy Under Article III By Seeking Access to Particular Sealed Court Dockets, Applications, and Orders**.

The USAO's argument that the Petition fails to create a case or controversy as required by the Constitution, because it is seeking structural reforms more properly left to other branches of government, or the requested relief is too broad for this Court to grant, fails in multiple respects. Dkt. 14 at 24-27.

The USAO's contention that the Petition seeks legislative or administrative relief is legally

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

incorrect. The Petition identifies a distinct legal controversy involving Petitioner's qualified First Amendment and common law rights of access to judicial records that remain under seal. *See Nixon*, 435 U.S. at 597 ("It is clear that courts of this country recognize a general right to inspect and copy . . . judicial records and documents."); *Oregonian Publ'g Co. v. U.S. Dist. Court for the Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("Under the *first amendment*, the press and the public have a presumed right of access to court proceedings and documents."). Ruling on the Petition would resolve Petitioner's First Amendment and common law rights of access regarding the sealed materials sought by the Petition. *In re Release of Court Records*, 526 F. Supp. 2d at 487. The USAO's reliance on cases finding a lack of jurisdiction on grounds that adjudication would require resolution of abstract legal questions or proscribe rules for every citizen are thus inapt. *See* Dkt. 14 at 24-26 (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211 (1995); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Further, the USAO's contention that Petitioner's requested relief is "divorced from any particular controversy" is inaccurate. Dkt. 14 at 27. Petitioner requests relief concerning records from cases over which this Court has jurisdiction, and Petitioner has identified those records and cases with as much specificity as possible given the Court's current docketing practices. Dkt. 1 at 9-11. Petitioner's requested relief concerns particular records—docket sheets, applications, and orders—from particular cases—categories (a) through (f) enumerated in the Petition—filed within a particular timeframe, in a particular court—the Western District of Washington. Dkt. 1 at 28-31. This Court has jurisdiction over all of the cases that are the subject of the Petition.

The USAO's contention that a request to unseal court records must be filed in the particular case in which the records are sealed and must be limited to the records in that particular case is both impossible and unduly burdensome on the Court. Dkt. 14 at 27-28. Under the USAO's theory, if Petitioner seeks to unseal records from 100 cases in this Court, Petitioner must file 100 separate petitions—one in each case. USAO's position is both unsupported by precedent and

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 7
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

unworkable under this Court's current docketing practices, which make it impossible for Petitioner to identify even the docket numbers for the cases that are the subject of its request for relief. Petitioner cannot intervene in individual sealed cases whose very existence is unknown to the public.

Other courts have expressly or implicitly determined that they have jurisdiction to adjudicate the merits of unsealing requests where the petitioner cannot identify by docket number the particular cases containing the sealed records. For example, in two recent cases, the Foreign Intelligence Surveillance Court (FISC) determined that it had jurisdiction and authority to adjudicate the merits of the petitioner's claims. *See In re Release of Court Records*, 526 F. Supp. 2d at 486-87 (seeking to unseal FISC materials that the petitioner could only identify by general subject matter and date); *In re Opinions & Orders of this Court Addressing Bulk Collection of Data Under the Foreign Intelligence Surveillance Act*, No. Misc. 13-08, slip op. at 2 (Foreign Intel. Surv. Ct. Nov. 9, 2017) (en banc), *aff'd, In re Certification of Question of Law*, No. FISCR 18-01, slip op. (FISA Ct. Review March 16, 2018) (seeking to unseal an unknown number of opinions from multiple FISC cases described by subject matter: "opinions evaluating the meaning, scope, and constitutionality of Section 215").[6]

In *Leopold* and *Granick*, two other district courts considered petitions filed as miscellaneous cases seeking to unseal documents from multiple cases within the same district. As the USAO concedes, "neither court explicitly concluded that the petition sought relief that was so broad that it went beyond the judicial power to decide specific cases and controversies." Dkt. 14 at 28. Nor was there any implicit determination that the petitions in those cases should be dismissed on jurisdictional grounds. In both cases, the courts proceeded to consider the merits of the petitions.

---

[6] http://www.fisc.uscourts.gov/sites/default/files/Misc%2013-08%20Opinion%20November%209%202017.pdf

REPLY ISO PETITION TO UNSEAL DOCKETS, APPLICATIONS, AND ORDERS - 8
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

The language from *Leopold* that the USAO quotes, Dkt. 14 at 29, is from a discussion of the scope of the common law right of access held to apply in that case. The quoted language has nothing to do with the court's jurisdiction to hear the dispute or its Article III power to decide specific cases and controversies. As noted above, the petition in *Leopold* was not dismissed on jurisdictional grounds.

Likewise, the language from *Granick* that the USAO quotes, Dkt. 14 at 29, is not a determination that the court lacks jurisdiction to hear the dispute or that requested relief is beyond the court's Article III power.[7] The petition in *Granick* has not been dismissed on jurisdictional grounds, and the court in that case "is continuing to look into [the Petitioners' requested relief], including examining the sealing practices of other district courts . . . ." *In re Granick*, No. 4:16-mc-80206-KAW, Dkt. 48 at 1 (Mar. 12, 2018 Order setting status conference for May 3, 2018).

None of the USAO's cited cases holds that a court's supervisory power over its own records must be exercised on an individual case-by-case basis. The courts in those cases were never asked to address that argument, much less where sealed dockets render such individualized sealing requests impossible. *In re Sealed Case*, 199 F.3d 522 (D.C. Cir. 2000), cited by the USAO, is further distinguishable because (1) it involved a request for public docketing of grand jury proceedings, which are not at issue in the present case, and (2) there was already a specific local rule that provided a limited right of access to those grand jury proceedings. *Id.* at 525.[8]

This Court should hold that Petitioner's requested relief is within the scope of the Court's

---

[7] Moreover, the quoted statement is neither binding on this Court, nor is it persuasive. The court does not cite any authority or provide any explanation for why it might be unable to unseal records from other cases over which it has jurisdiction, or to make administrative changes to its record-keeping practices at the district-wide level.

[8] The D.C. Circuit acknowledged that "courts have required public docketing in some judicial proceedings," but held that "the grand jury context is unique. It is because of their unique status that grand jury processes are not amenable to the practices and procedures employed in connection with other judicial proceedings." *Id.* at 525-26.

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 9
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Article III judicial power and then adjudicate the merits of that requested relief after the factual record is further developed.

Should the Court disagree, however, Petitioner respectfully requests that the Court permit jurisdictional discovery to allow Petitioner to identify the docket numbers of cases containing the sealed records at issue. *Cf. Lincoln Benefit Life Ins. Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.37 (3d Cir. 2015) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)).

> **2. The Petition Does Not Request Reversal of Other Judges' Sealing Orders, Nor Does It Request Unsealing "Untethered to the Facts of a Particular Case."**

The USAO's argument that this Court lacks authority to grant Petitioner's requested relief because it would require reversing other judges' sealing orders "untethered to the facts of a particular case" mischaracterizes the Petition and lacks any legal authority. Dkt. 14 at 27-28.

Granting Petitioner's requested relief would not require "reversal of sealing orders entered by other judges of this Court," Dkt. 14 at 28, nor would it require this Court to hold or find that any earlier sealing order was improper. Under the First Amendment and common law rights of access, records that may have been properly sealed at an earlier point in time must be unsealed once secrecy is no longer necessary. Granting such relief is a new, separate decision that accounts for changed circumstances—primarily the passage of time—and not "reversal" of a previous decision.

The Petition acknowledges that the underlying materials were initially sealed as contemplated by statute or because of law enforcement or this Court's practice to regularly seek or approve such sealing.[9] *See* Dkt. 1 at 5-6. The Petition further acknowledges that even with the passage of time, "the requested materials may contain sensitive information for which there is a legitimate need to maintain secrecy." *Id.* at 27. It then explains that "Petitioner's request includes

---

[9] As discussed below, Petitioner does not believe any statute or case law requires wholesale sealing of basic docketing information.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

a mechanism for the continued sealing of documents for which secrecy is needed to protect an ongoing law enforcement investigation." *Id*. at 28. Contrary to the USAO's argument, the Petition raises no challenge to the initial sealing orders, and the requested relief does not require reversal of those initial sealing decisions. Moreover, because Petitioner's request allows for continued sealing and/or redaction when justified by a compelling interest, *see* Dkt. 1 at 28-31, it does not involve "wholesale unsealing . . . untethered to the facts of a particular case," as the USAO wrongly contends. Dkt. 14 at 27.

The question of which judges of this Court should decide requests for continued sealing of certain materials covered by the Petition is premature. At this early stage, all of the materials sought remain sealed and the USAO has not identified any particular cases or records for which there is a compelling interest (*e.g.*, to protect an ongoing law enforcement investigation) sufficient to override the presumption of access under the First Amendment and common law. If the Court grants Petitioner's requested relief and the USAO makes requests for the continued sealing of records in particular cases, those requests could be decided by any judge of this Court, including, where circumstances permit, the judge who issued the prior order sealing those records. But those considerations are practical, not legal, and they need not be resolved at this stage.

The USAO's reliance on *Hartford Courant Co. v. Pellegrino*, 380 F.3d 93 (2d Cir. 2004) to support its argument that the Court "should hesitate to hear a claim seeking reversal of sealing orders entered by other judges of this Court" is misplaced. Dkt. 14 at 27-28. That case is easily distinguishable and some aspects of it support Petitioner. In *Hartford*, the appellate court **vacated** an order from the district court dismissing a request for sealed court records. *Hartford*, 380 F.3d at 96-97. Moreover, the plaintiffs in *Hartford* filed a § 1983 civil action against Connecticut's Chief Court Administrator and Chief Judge, whose duties and powers were limited by statute and potentially did not encompass the requested relief. *Id*. at 97. In contrast, the present case is not a

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

civil case[10] and does not request relief from individual defendants who may lack the power to grant it. Although *Hartford* provides no support for the USAO's position, the decision is noteworthy for its recognition of a qualified First Amendment right of access to docket sheets. *Id.* at 93.

W.D. Wash. LCR 5(g)(8) also does not prevent Petitioner's request for relief, as the USAO wrongly suggests. Dkt. 14 at 28 n.20. That rule is permissive rather than restrictive. It provides that "[a] non-party seeking access to a sealed document *may* intervene in a case for the purpose of filing a motion to unseal the document." LCR 5(g)(8) (emphasis added). It does not bar other procedures for seeking access to court records, especially where, as here, the sealing practices in this District prevent Petitioner from identifying even the docket numbers for the cases containing the records of interest.

### 3. Petitioner Has Standing to Seek the Requested Relief.

Petitioner has standing under Article III. *Federal Election Comm'n v. Akins*, 524 U.S. 11, 23-26 (1998). Petitioner's inability to access the sealed judicial records at issue in this case after asking the Clerk of the Court to provide those records is a concrete, particularized injury directly traceable to the Court's conduct—its docketing and sealing practices—that is redressable by this Court with a favorable ruling granting Petitioner's requested relief.

***Petitioner's injury is concrete and particularized***. As detailed in the Petition, The Stranger's inability to access the sealed electronic surveillance materials sought here has frustrated its ability to report on law enforcement surveillance and privacy issues, to the detriment of its mission. *See* Dkt. 1 at 2-4; Dkt. 1-1 (Hsieh Decl.); *New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 295 (2d Cir. 2011) (holding that the organization's exclusion to certain proceedings, to the detriment of the organization's own activities, constituted a sufficient

---

[10] This fact also renders inapposite the unpublished *Alfriend* case and the treatise cited on page 28 of the USAO's brief, both of which concern civil cases involving plaintiffs and defendants, not miscellaneous cases involving a petition to the court. Those materials do not state that a petition filed as a miscellaneous case must name a defendant or identify a waiver of sovereign immunity.

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 12
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

injury in fact for Article III). Petitioner's inability to access the requested judicial records constitutes a well-recognized distinct and palpable injury to its qualified First Amendment and common law rights of access. *See Richmond Newspapers. Inc. v. Virginia*, 448 U.S. 555 (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982); *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994).

The USAO's brief and supporting declarations confirm that the requested judicial records are maintained in a sealed docket that Petitioner cannot access. McCool Decl. ¶¶ 10, 11, 15-18. Further, the Court's practice of docketing these sealed materials as GJ matters prevents meaningful access to any facts about these records, including how many matters containing such records have been opened since 2011. McCool Decl. ¶¶ 11, 15.

***Petitioner's injury is directly traceable to the Court's docketing and sealing practices related to electronic surveillance records***. The causation element of the standing inquiry is also satisfied. *Akins*, 534 U.S. at 25. There is no dispute that Petitioner's inability to access the records it seeks results directly from the Court's docketing and sealing practices, which keep even basic docketing information regarding these matters under seal indefinitely. McCool Decl. ¶¶ 11, 15, 16-18; Gorman Decl. ¶¶ 6-9.

***The Court can redress Petitioner's injury by granting the requested relief.*** Petitioner's claims are redressable by the unsealing of historically sealed judicial records and an order providing a mechanism to ensure similar records created by the Court in the future do not remain sealed indefinitely. *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 450-51 (1989) (holding that plaintiffs had shown that they "might gain significant relief" from their suit seeking records under federal law). Petitioner will "gain significant relief" by being able to access previously sealed judicial records it can then use as part of its reporting. *Id*. at 451. Those "potential gains are undoubtedly sufficient" to give Petitioner standing. *Id*.

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 13
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*USAO's arguments that Petitioner lacks standing are unavailing*.  Much of the USAO's attack on standing confuses the merits of the Petition with whether Petitioner has a right to seek relief in the first instance.  The USAO argues that the "very breadth of The Stranger's claims shows that the claims are not grounded in a particularized injury," and that the claims are not redressable because they are too broad and potentially burdensome.  Dkt. 14 at 33-36.  Petitioner disputes that characterization of its requested relief, but is open to working with the USAO and the Clerk's Office to address those concerns, which go to the Petition's merits, not Petitioner's standing.

Multiple courts hearing First Amendment and common law claims seeking access to sealed judicial records have rejected similar lack of standing arguments as thinly disguised attempts to require litigants to prevail on the merits of their claims at the outset.  In *Pansy v. Borough of Stroudsburg*, the Third Circuit held "in determining whether the Newspapers have standing, we need not determine that the Newspapers will ultimately obtain access to the sought-after Settlement Agreement.  We need only find that the Order of Confidentiality being challenged presents an obstacle to the Newspapers' attempt to obtain access." 23 F.3d at 777.  Indeed, "courts have uniformly found standing to bring a First Amendment right-of-access suit so long as plaintiffs allege an invasion related to judicial proceedings." *In re Opinions & Orders of This Court Addressing Bulk Collection of Data Under the Foreign Intelligence Surveillance Act*, No. Misc. 13-08, slip op. at 11 (FISA Ct. Nov. 9, 2017) (en banc), *aff'd, In re Certification of Question of Law*, No. FISCR 18-01, slip op. at 10 (FISA Ct. Review March 16, 2018) ("The flaw in the government's position is that it attacks the *merits* of the movant's claims rather than whether the claim is judicially *cognizable*.") (emphasis in original).  Not surprisingly, in both *Leopold* and *Granick*, the courts proceeded to consider the merits of the petitions without making any explicit or implicit determination that the petitioners in those cases lacked standing.

The USAO's arguments alleging lack of a concrete injury fare no better.  First, in arguing that Petitioner has not demonstrated a concrete and particularized injury, the USAO ignores the

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

facts in the Petition and supporting declarations demonstrating Petitioner's specific interest in accessing these records and how its inability to access them has hindered Petitioner from reporting on issues critical to its mission of government transparency and accountability. *See* Dkt. 1 at 2-4; Dkt. 1-1 (Hsieh Decl.).

Second, the Supreme Court has twice rejected the argument that because Petitioner invokes rights that are enjoyed by the broader public, Petitioner has failed to demonstrate anything more than an abstract and generalized grievance. In *Public Citizen*, the defendants argued that because the plaintiff was invoking broad public statutory rights of access to meetings and records of certain committees under the Federal Advisory Committee Act (FACA), 5 U.S.C. app. 2, it lacked standing. 491 U.S. at 449. The Supreme Court disagreed: "The fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure under FACA does not lessen appellants' asserted injury." *Id*. at 449-50. In *Akins*, the Federal Elections Commission argued that the plaintiffs were alleging abstract injuries and lacked standing because their complaint sought to vindicate rights Congress granted to the broader public. 524 U.S. at 20-24. The Supreme Court held that the plaintiffs' injury was "sufficiently concrete and specific such that the fact that it is widely shared does not deprive Congress of [the] constitutional power to authorize its vindication in the federal courts." *Id*. at 25.

Although other members of the public also enjoy First Amendment and common law rights of access to judicial records, Petitioner's actual request for access was denied. Dkt. 1 at 2-4, 9-11. This denial of access is neither hypothetical nor abstract. When a party alleges a "'distinct and palpable injury'" to itself, "standing should not be denied 'even if it is an injury shared by a large class of other possible litigants.'" *Cianfrani*, 573 F.2d at 845 (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

The USAO's further argument that Petitioner lacks standing because, by admitting that some requested records may remain under seal, its claims are not redressable, also fails. Dkt. 14

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

at 33. That overriding interests may require continued sealing of particular records does not extinguish redressability. In *Public Citizen*, the plaintiffs acknowledged that some meetings held by the committee it believed had violated FACA could have been properly closed from the public, and that some documents may have been properly withheld from public disclosure, "[b]ut they by no means concede[d] . . . FACA licenses denying them access to *all* meetings and papers, or that it excuse[d] noncompliance with FACA's other provisions." 491 U.S. at 450 (emphasis in original). The same is true here. Petitioner's acknowledgment that some of the requested records should remain sealed where a compelling interest justifies the continued sealing of that information does not foreclose unsealing other requested records for which secrecy is no longer necessary. Petitioner's claims are thus redressable by the Court.

C. **Petitioner Has First Amendment and Common Law Rights to Access Basic Docketing Information Regarding Electronic Surveillance Cases Filed in this Court**.

As explained above, The Stranger is open to an order requiring the parties to meet and confer. However, if the Court wants to reach the merits of the case now, The Stranger must prevail.

Petitioner has demonstrated that it has First Amendment and common law rights of access to the docket sheets for the electronic surveillance cases identified in the Petition. Dkt. 1 at 15-19. Not only is there a long history of access to court dockets "[s]ince the first years of the Republic," *United States v. Mendoza*, 698 F.3d 1303, 1306-07 (10th Cir. 2012), but also there is a compelling public interest in maintaining open docket sheets because they "enhance[] the appearance of fairness" within the judicial system and "enlighten[] the public" about procedures used by courts and law enforcement. *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014). Docket sheets "provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the *First Amendment*." *Hartford*, 380 F.3d at 93. This is why courts have held that maintaining a dual docketing system—one secret, one public—is unconstitutional. *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993); *United*

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 16
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*States v. Ochoa-Vasquez*, 428 F.3d 1015, 1029 (11th Cir. 2005).

The USAO's attempt to sidestep this well-settled law by arguing that the First Amendment and common law rights of access to docket sheets derives from access to the underlying materials (e.g., applications and orders) referenced in those docket sheets must be rejected. Dkt. 14 at 54-57. No cases support this contention; the USAO instead relies on cases that support sealing grand jury proceedings and grand jury dockets to argue there is no right of access to *any* dockets in *ex parte* criminal proceedings. *Id*. at 54-55. But Petitioner is not seeking access to dockets for actual grand jury proceedings, so those cases are inapposite. Moreover, the lack of a jury or other public proceedings is often a factor militating in favor of finding access to dockets and proceedings in criminal cases. *See Press-Enterprises Co. v. Superior Court*, 478 U.S. 1, 2 (1986) ("[t]he absence of a jury makes the importance of public access even more significant."). The USAO's reliance on *In re New York Times Co.*, 577 F.3d 401 (2d Cir. 2009) is misplaced, as that case dealt with access to the Wiretap Act materials and not to basic docketing information. And as explained below, the Ninth Circuit has not ruled on whether the First Amendment or common law right of access applies to such materials.

The Court should also reject the USAO's general assertion that it is entitled to secrecy over these matters, including the docket sheets. Dkt. 14 at 54, 59. "A blind acceptance by the courts of the government's insistence on the need for secrecy, without notice to others, without argument, and without a statement of reasons, would impermissibly compromise the independence of the judiciary and open the door to possible abuse." *In re Washington Post Co.*, 807 F.2d 383, 391–92 (4th Cir. 1986); *see also Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002) ("When government begins closing doors, it selectively controls information rightfully belonging to the people.").

The USAO is also incorrect in arguing that statutes authorizing the sealing of certain surveillance materials sought here support the sealing of docket sheets. Dkt. 14 at 43. The Stored

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Communications Act (18 U.S.C. § 2703) and the All Writs Act (28 U.S.C. § 1651) contain no provisions requiring courts to seal docket sheets, or even the underlying applications and orders. The USAO acknowledges as much elsewhere in its brief. Dkt. 14 at 10-11. The Pen Register Trap and Trace Act and the Wiretap Act include sealing provisions, *see* 18 U.S.C. § 3123(d) and 18 U.S.C. § 2518(8)(b), but those provisions do not require sealing of docket sheets and therefore provide no support for the USAO's position that docket sheets should remain sealed. Petitioner's right of access to docket sheets is governed by the First Amendment and the common law, not by statute.

**D. Petitioner Has First Amendment and Common Law Rights to Access the Underlying Applications and Orders in Electronic Surveillance Cases Filed in this Court, Once Secrecy Is No Longer Necessary.**

**1. Petitioner has a First Amendment Right of Access to the Requested Judicial Records.**

The Petition demonstrated that either history or logic, or sometimes both, supports the First Amendment right of access to the electronic surveillance applications and orders sought here. Dkt. 1 at 19-28. In arguing this right does not apply, the USAO primarily attacks the "experience" prong of the test to argue that the Petition fails because there is no tradition of access to these materials. Dkt. 14 at 37-40, 43-46. Petitioner disputes the USAO's characterization regarding the tradition of access. But in any event, the Petition demonstrated that in the Ninth Circuit, "logic alone, even without experience, may be enough to establish the right" of access. *In re Copley Press*, 518 F.3d 1022, 1026 (9th Cir. 2008).

In arguing there is no tradition of access to the materials sought by the Petition, the USAO mischaracterizes the Stored Communications Act to imply that it requires sealing of SCA materials. *See* Dkt. 14 at 45-46 ("[I]mplicit in [§ 2705(b)] is the understanding that the application and order are not publicly available . . . ."). Although the Pen Register Act authorizes courts to seal materials, there is no similar provision in the SCA. The SCA does not require sealing by

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 18
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

default, and the nondisclosure orders authorized by 18 U.S.C. § 2705 are not mandatory, as they are supposed to issue only when there is "reason to believe" it is necessary to preserve a government interest.  18 U.S.C. § 2705(b).

There is a history of access to search warrant materials once secrecy is no longer necessary; experience thus supports Petitioner's First Amendment right to access SCA warrants and related materials.  *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988).  The "clear trend" is for courts to find this history of access.  *United States v. Loughner*, 769 F. Supp. 2d 1188, 1193 (D. Ariz. 2011).

This has always been Petitioner's position, and Petitioner has not conceded this point, as the USAO wrongly suggests.  Dkt 14 at 44.  To the extent the Petition "concedes" no such history exists for SCA materials, it was referring specifically to non-content/non-warrant materials that can be obtained under other provisions of the SCA.  *Compare* Dkt. 1 at 19 (history of access to warrant materials) *with* Dkt. 1 at 22 (no history for SCA).

Regarding All Writs Act materials, there is an unbroken history of access to court orders, including supplemental writs.  *United States v. Ressam*, 221 F. Supp. 2d 1252, 1262 (W.D. Wash. 2002); *Pepsico v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995).  The USAO incorrectly states that Petitioner conceded that its claim to AWA orders is "derivative" of its claims for records relating to other types of process.  Dkt. 14 at 46.  Petitioner noted that the logic prong of its claim to right of access to AWA orders is bolstered by its right to underlying materials, but its claim to AWA orders derives from the independent right of access to court orders.

The USAO also relies on *Leopold* to argue there is no First Amendment right of access to the requested materials.  Dkt. 14 at 48.  But that case and the law it relies on are unavailing on this issue given the different legal standards in the Ninth Circuit.  Whereas the D.C. Circuit requires parties seeking to establish a First Amendment right of access to demonstrate both logic and experience, the test in the Ninth Circuit is disjunctive.  *Copley Press*, 518 F.3d at 1026.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

The logic prong also supports a First Amendment right of access because public access would have a significant positive role in the surveillance process by providing oversight and accountability for law enforcement actions and by increasing confidence in the role that judges play within the criminal process. *See In re Application and Affidavit for a Search Warrant,* 923 F.2d 324, 331 (4th Cir. 1991) (The public has an interest in "law enforcement systems and how well they work."); *Loughner,* 769 F. Supp. 2d at 1194 (emphasizing the courts role in maintaining proper procedure during criminal investigations). The USAO's arguments to the contrary must fail. The USAO contends that, because the surveillance orders at issue here provide less notice to a target than traditional warrants, they are less necessary for public review. Dkt. 14 at 48. But the lack of notice the USAO identifies exacerbates the secrecy surrounding these materials, demonstrating why greater transparency is needed.

The USAO's attempt to distinguish traditional search warrants from the records sought here also must be rejected. Dkt. 14 at 48. The USAO emphasizes that traditional search warrants provide notice to targets, but it does not explain why lack of notice to targets should prevent public access to *redacted* records sought here. Moreover, notice of a search warrant may be delayed in some cases, supporting Petitioner's contention that these materials can be released after the need for secrecy has passed. *See* 18 U.S.C. 3103(a) (providing authority for law enforcement to seek a court order to delay notice of execution of a search warrant); *Richards v. Wisconsin*, 520 U.S. 385 (1997) (upholding the constitutionality of law enforcement's use of no-knock warrants).

The USAO mistakenly relies on *Times Mirror Co. v. United States* to assert that Petitioner does not have a right to access surveillance applications. *See* Dkt. 14 at 50; *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213-14 (9th Cir. 1989) (finding no right of access where the logic in favor of openness was outweighed by the need for secrecy before an investigation has closed). But that case does not control here because Petitioner is not requesting materials in ongoing investigations; rather, Petitioner seeks records in cases where secrecy is no longer necessary.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Courts have found a diminished need for sealing warrant materials after an investigation has concluded and have found a First Amendment right of access for post-investigatory warrants. *See United States v. Bus. of the Custer Battlefield Museum*, 658 F.3d 1188, 1194 (9th Cir. 2011) (declining to extend *Times Mirror*); Dkt. 1 at 28-29.

The USAO also mistakenly relies on *United States v. Applebaum* to argue that Petitioner cannot satisfy the logic requirement in the right to access Stored Communications Act records. But the central holding of that case does not apply here. 707 F.3d 283 (4th Cir. 2013). Unlike in *Applebaum*, Petitioner is not seeking records of open investigations, and its Petition expressly contemplates that such records can remain sealed. *Compare* Dkt. 14 at 46-47 *with* Dkt. 1 at 31. *Applebaum* does not address Petitioner's contention that there is a diminished need for secrecy after an investigation results in an indictment, as well as for post-investigatory records for which no indictment has issued. *Applebaum*, 707 F.3d at 290-91. Additionally, SCA § 2703(d) orders are judicial records, *Applebaum*, 707 F.3d at 290-91, and they serve a similar role as search warrants in providing judicial oversight over law enforcement investigations. There is no logical reason to treat § 2703(d) orders differently once an investigation has concluded.

Although there may be a privacy interest in pre-indictment records, a general privacy interest is not strong enough to overcome the First Amendment right of public access. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607-09 (1982) (holding that a state's compelling interest in protecting minor victims did not justify mandatory closure of proceedings); *Loughner*, 769 F. Supp. 2d at 1195 (General "privacy and reputational concerns typically don't provide sufficient reason to overcome a qualified *First Amendment* right of access."); *In re New York Times*, 585 F. Supp. 2d 83, 93 n.14 (D.D.C. 2008) ("[C]ourts that have identified legally cognizable privacy interests have done so with more specificity than a blanket statement that one has a right to get on with his life."); Dkt. 1 at 36-37.

This is particularly true when there are less restrictive means to address privacy concerns

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 21
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

than wholesale sealing, such as by redacting names and other personal information. The USAO relies on *In re WP Co., LLC* to argue that privacy interests can overcome the public's interest in access, but that case is not in keeping with Ninth Circuit precedent because the case places too much weight on the experiential prong of the access test. 201 F. Supp. 3d 109 (D.D.C. 2016). Moreover, unsealing these materials with redactions will not harm the privacy of unindicted individuals, Dkt. 1 at 36-37, nor will unsealing a surveillance order equivocate to an accusation of criminal wrongdoing. Dkt. 14 at 48.

It is also premature for the USAO to contend that there is no way to determine whether an investigation is ongoing or that doing so will be unduly burdensome. Dkt. 14 at 49. In *Leopold*, on which the USAO relies to argue that the burden is too high to grant access to records, the USAO provided the petitioners and the court with far more information about the scope of the records requested, and also provided specific details about the amount of time and resources needed to identify, review, and disclose the materials at issue. *Leopold*, 2018 U.S. Dist. LEXIS 30211, at *28-29, 75-80. No such record has been developed in this case. Further, *Leopold* is inapplicable in this regard because the court did not apply the First Amendment right of access test, but instead weighed burden as a new factor in the court's analysis regarding the common law right of access. *Id.*[11] Further, the USAO identifies no case, and Petitioner is not aware of any, in which burden by itself served as a basis to override a First Amendment right of access.

Finally, the Ninth Circuit has not addressed the extent to which the First Amendment right of access applies to Wiretap Materials, including whether the public right of access can constitute "good cause" for unsealing post-investigatory materials. *United States v. Chow*, No. 14-cr-00196 (N.D. Cal. Aug. 28, 2015). The USAO is incorrect in asserting there is no First Amendment or common law right of access to these materials in the Ninth Circuit. Dkt. 14. at 39-42.

---

[11] Petitioners in *Leopold* have sought reconsideration of this and other aspects of the court's decision. *In re Leopold*, U.S. Dist. Ct., Dist. of Columbia, No. 13-mc-00712 (BAH), Dkt. 55 at 18-25 (Motion for Reconsideration, March 23, 2018).

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## 2. Petitioner has a Common Law Right of Access to the Requested Judicial Records.

The Petition demonstrated that there is well-established precedent applying the common law right of access to the types of judicial records sought here. "It is commonsensical that judicially authored or created documents are judicial records." *Applebaum*, 707 F.3d at 290; *see also* Dkt. 1 at 29, 32, 35. Even in *Leopold*, the court held that the Pen Register and Stored Communications Act records were subject to a qualified common law right of access. 2018 U.S. Dist. LEXIS 30211, at *73. Further, under Ninth Circuit precedent there is a strong presumption that Petitioner is entitled to the requested records and that only a "narrow range" of documents are exempt. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The USAO's brief ignores these cases.

Moreover, it would be premature to hold, as requested by the USAO, that the burden associated with unsealing the requested records outweighs the common law right of access to those records. The USAO has not expressed the burden of unsealing with sufficient particularity. In *Leopold*, the USAO identified the approximate number of matters at issue and unsealed certain sealed records to better understand the burden associated with the petitioner's requested relief. *Leopold*, 2018 U.S. Dist. LEXIS 30211, at *29, 75-80. The USAO has not yet attempted the same study in this case, and the Court should not rely on "hypothesis or conjecture" to seal records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

If the Court is concerned about the burden of this specific unsealing request, the Court should allow the parties to further develop the factual record regarding the burden associated with the requested relief, so the Court can "conscientiously balance" that burden with the public's common law right of access to the judicial records at issue. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Custer*, 658 F.3d at 1195.

## III. CONCLUSION

Petitioner respectfully requests that this Court order the USAO and the Clerk of the Court

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

to meet and confer with Petitioner and that the Court set a status conference to update it on the progress of those discussions. The Court has jurisdiction and the authority to grant Petitioner's requested relief and it need not reach the merits. Yet should the Court decide the merits, Petitioner is entitled to the relief it seeks.

Dated: April 27, 2018

Respectfully submitted,

By    */s/ Geoffrey M. Godfrey*

Geoffrey M. Godfrey (SBN 46876)
godfrey.geoff@dorsey.com
Nathan T. Alexander (SBN 37040)
alexander.nathan@dorsey.com
David H. Tseng (SBN 48334)
tseng.david@dorsey.com
DORSEY & WHITNEY LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone:    (206) 903-8800
Facsimile:    (206) 903-8820

Aaron Mackey (pro hac vice)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone:    (415) 436-9333

*Attorneys for Petitioner INDEX*
*NEWSPAPERS LLC D/B/A THE STRANGER*

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 24
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Washington using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the U.S. Government.

Dated: April 27, 2018.

_/s/ Gregore J. Sambor_____
Gregore J. Sambor
Senior IP Litigation Paralegal
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
sambor.gregore@dorsey.com

REPLY ISO PETITION TO UNSEAL DOCKETS,
APPLICATIONS, AND ORDERS - 25
2:17-MC-00145-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820